Joaquin GONZALEZ–MONZON,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–74303.
Agency No. A79–396–151.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 12, 2005.

Luther M. Snavely, Esq., Las Vegas, NV, for Petitioner.

Regional Counsel, Donald E. Keener, Esq., John J. Andre, Esq., Washington, DC, for Respondent.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Joaquin Gonzalez–Monzon, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Because the BIA adopted the IJ's decision and also gave reasons of its own, we review both the BIA's decision and the IJ's decision. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

2002). We dismiss in part and deny in part the petition for review.

█ We lack jurisdiction to review the BIA's determination that Gonzalez–Monzon failed to show he filed for asylum within one year of entering the United States. *See Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001).

█ Gonzalez–Monzon testified that his father was killed by home intruders, his brother was shot at and his family was threatened. Substantial evidence supports the BIA's determination that Gonzalez–Monzon failed to establish eligibility for withholding of removal because no evidence was presented to demonstrate a likelihood of future persecution on account of a protected ground. *See Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001) (internal quotations omitted).

Gonzalez–Monzon also failed to establish eligibility for CAT relief because he did not show it was more likely than not that he would be tortured if returned to Guatemala. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001) (citations omitted).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DISMISSED in part and DENIED in part.